—————— TIERNEY, Plaintiff, *v.* HOME TITLE INSURANCE COMPANY OF NEW YORK, Defendant.

County Court, Kings County, January 15, 1925.

**Mortgages — foreclosure — action by owner of premises subject to mortgage to recover from assignee of purchaser at foreclosure sale difference between deficiency judgment and insurance collected by defendant — property was damaged by fire after interlocutory judgment granted and before sale — mortgagee who was purchaser was " dummy " for defendant herein — agreement by attorneys for mortgagee appended to terms of sale that mortgagee would assign insurance policy with proceeds thereof to purchaser was void — no defense that on resale by defendant at private sale property was sold at loss equivalent to more than difference between deficiency judgment and amount collected on insurance.**

The owner of real property is entitled to recover from the assignee of the purchaser at a mortgage foreclosure sale the difference between the deficiency judgment and the amount collected on a fire insurance policy payable to the mortgagee as his interest may appear, where it appears that the property was damaged by fire between the time of the entry of the interlocutory judgment and the time of the sale of the property, and where it appears also that the mortgagee who bid in the property at the mortgage foreclosure sale and assigned her bid to the defendant was acting in the entire transaction as a dummy for the defendant.

The assignee of the purchaser at the mortgage foreclosure sale was not entitled to retain the full amount collected on the insurance policy by virtue of an agreement signed by the attorneys for the mortgagee in the foreclosure action, the defendant's dummy, to the effect that the mortgagee would assign the insurance policy to the purchaser, where such agreement was appended to the terms of the sale by the referee against the owner's written protest, for the inclusion of that agreement in the terms of the sale was not authorized by the judgment of foreclosure and sale and was illegal and void.

It is no defense to the action to recover the difference that the defendant, the assignee of the purchaser at the mortgage foreclosure sale, resold the property at a private sale at a loss equivalent to more than the difference between the deficiency judgment and the amount collected on the insurance policy, although the resale was made at the best price obtainable.

ACTION for money had and received.

*Seidman & Milholland,* for the plaintiff.

*Corner, Bell, Russell & McNulty,* for the defendant.

TAYLOR, J.:

This action was submitted to the court without a jury for decision upon stipulated facts and affidavits as to valuation. The action is for money had and received. Plaintiff purchased certain premises, subject to a mortgage for $2,800 held by a dummy for the defendant. The premises were insured against fire in favor of the plaintiff. The policy contained the usual mortgagee clause. The mortgage was foreclosed. Between the time of entry of the order and the time of·sale pursuant thereto the buildings on the premises were damaged by fire.

At the time of the sale, against the plaintiff's written protest and although not authorized by the judgment of foreclosure and sale, the referee appended to the terms of sale an agreement signed by the attorneys for the plaintiff therein; the plaintiff being the defendant's dummy, and the attorneys who signed the agreement being the same as now appear for the defendant in this action. The text of the agreement was that the holder of the mortgage would assign the fire insurance policy to the purchaser at the foreclosure sale, together with any award or payment by the insurance company for the fire which had occurred. This plaintiff's protest to the inclusion of that agreement was in writing. The plaintiff in foreclosure then bid in the property for $3,200, subject to taxes and water rates, and at once assigned her bid to this defendant, her principal. There was a deficiency judgment of $261.05. The defendant thereafter collected $1,429.21 on the insurance policy.

Plaintiff sues for the difference between the deficiency judgment and the insurance collected, to wit, $1,168.16. The defense is that the defendant has resold the premises at private sale at a loss of $1,429.21. The defendant claims to be entitled to recoup the latter loss out of the balance of the insurance moneys. The resale was the best that could be made at the time.

The implied obligation upon which this character of action is based is sometimes called "quasi contract." The fundamental principle is that, where one has received money which in equity and good conscience should be paid to another, the law will, in the absence of an actual promise, imply a promise to so pay it. It is a promise implied in law as distinguished from a promise implied in fact. It means that one who is unjustly enriched by his own wrong shall be obliged to pay over the amount thereof to the one who is justly entitled to it, notwithstanding he has not agreed so to do.

MATTER OF SOUTHMAYD. **647**

Misc. 647]     Surrogate's Court, New York County, January, 1925.

Application of the rule is subject to sharp limitations, but not under the facts of the case at bar. The duty of the referee in foreclosure was purely ministerial. The inclusion of the insurance agreement in the terms of the sale was not authorized by the judgment of foreclosure and sale. It was illegal and void. The effect of such inclusion was to offer for sale a " cat in a bag." The amount of fire damage, if any, that would be collected, was the subject of mere guesswork. It was an element the value of which could not be intelligently estimated by persons attending the sale with the intention of bidding. It transformed the sale into a gamble. Its natural effect was to either discourage competitive bidding or to cause bidders to eliminate the question of insurance in determining how much to bid.

The defendant cannot be heard to gain advantage by its illegal act, but must stand in its original position as a mortgagee holding through a dummy, and have recoupment out of the insurance only to the extent of the deficiency judgment. There is no attempt to collaterally attack either the judgment or the title. The act whereby the defendant seeks to retain beyond recoupment for the deficiency judgment is without legal basis. The loss sustained by the defendant on the resale has no bearing on the case. To allow further recoupment on that item would be to mount a legal right upon a wrong.

Furthermore, the fact that the resale was the best that could be made at the time, falls short of establishing value, as it was at a time of a practically dead market, and the actual value was in excess of an amount sufficient to cover the defendant's investment.

Judgment for the plaintiff for $1,168.16, plus interest from date of suit, there being no evidence of prior demand.