LOUISE SPIRO PETROFF (LOUISE SPIRO PETROFF HREN), Plaintiff, *v.* FIRST NATIONAL BANK OF COOPERSTOWN, NEW YORK, Individually and as Executor, etc., of MARGARET STENOVEC, Deceased, Defendant.

Supreme Court, Special Term, Kings County, September 23, 1937.

*Samuel A. Hirshowitz*, for the plaintiff.

*Adrian A. Pierson* [*O. L. Van Horne* and *Theodore P. Feury* of counsel], for the defendant.

RIEGELMANN, J. On June 22, 1934, plaintiff executed and delivered her bond to the defendant's testator to secure the payment of the sum of $2,200 and interest at five per cent. As collateral security for the payment of the said sum plaintiff simultaneously executed and delivered to the above testator a mortgage on certain property located in the town and county of Otsego. Under the provisions of the bond and mortgage plaintiff was required to insure the property against loss by fire. It was also required that such policies of insurance should cover the mortgagee as her interest might appear.

Pursuant to the above provisions of the bond and mortgage, plaintiff took out a policy of fire insurance with a certain insurance company. Because of a default in the payment of interest the mortgagee brought an action on November 25, 1936, to foreclose the mortgage. The complaint and the judgment of foreclosure and sale which followed contained no allegation or direction for a deficiency. Notices of sale were duly posted on January 7, 1937. The day before the sale a fire occurred on the premises. Subsequently the premises were sold at the foreclosure sale for the sum of $300. Thereafter the insurance company paid to the mortgagee the sum of $2,200.

Plaintiff has instituted the instant action against the mortgagee to recover that sum on the theory of money had and received and moves herein for summary judgment. It is the plaintiff's contention, among other things, that the right of the mortgagee to retain the insurance proceeds must be tested by the existence and the amount of a deficiency judgment, and that since there is no deficiency in the present case, there can be no retention of the fund. He relies for such contention upon the case of *Tierney* v. *Home Title & Ins. Co. of N. Y.* (124 Misc. 645; affd., 213 App. Div. 830). The court in that case stated in part that " The implied obligation upon which this character of action is based is sometimes called ' quasi contract.' The fundamental principle is that, where one has received money which in equity and good conscience should be paid to another, the law will, in the absence of an actual promise, imply a promise to so pay it. It is a promise implied in law as distinguished from a promise implied in fact. * * * The defendant cannot be heard to gain advantage by its illegal act, but must stand in its original position as a mortgagee holding through a

dummy, and have recoupment out of the insurance only to the extent of the deficiency judgment. There is no attempt to collaterally attack either the judgment or the title. The act whereby the defendant seeks to retain beyond recoupment for the deficiency judgment is without legal basis."

Plaintiff contends that likewise in the instant case the act whereby the defendant seeks to retain the $2,200 without any deficiency judgment is without legal basis. Plaintiff, however, cannot invoke the case to which reference has been made for the reason that in the instant situation it does not appear that the money which the defendant has received in equity and good conscience should be paid to her. This is true for the reason that the policy of insurance sets forth the following provision: " This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if  *  *  *  with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this mortgage by virtue of any mortgage or trust deed; or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance  *  *  *  whether by legal process or judgment or by voluntary act of the insured, or otherwise."

Clearly under the foregoing provision of the policy the retention of the insurance moneys which were paid to the mortgagee cannot be deemed wrongful as to the plaintiff, since under the very terms thereof, prior to such payment, she had forfeited her right to demand payment of the same as against the insurance company.

It may be further noted that the " mortgagee clause " attached to the policy provides that " This insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property  *  *  *  by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property."

Possibly, pursuant to the latter provision, the insurance company deemed it proper to pay the proceeds of the loss to the mortgagee. In any event, it cannot be said that the retention of such sum by the mortgagee is unjust under the provisions of the policy respecting the forfeiture of the mortgagor's right to make a demand for same. Motion for summary judgment denied.