MARY L. FISHER et al., Respondents, v. CHARLES W. HERSEY et al., Appellants.

78  387
111  522

A court of equity may, in its discretion, set aside a sale made under its decree, and may order a re-sale, where fraud is alleged, upon facts casting such a degree of suspicion upon the fairness of the sale as to render it, in its judgment, expedient so to do, although the alleged fraud may not be clearly established.

An order of Special Term setting aside a sale under such circumstances is reviewable at General Term, but, as a general rule, where only the rights of the parties to the action are involved, no appeal lies to this court.

(Argued September 30, 1879; decided October 14, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing an order of Special Term, which granted a motion to set aside a sale under the decree herein, unless defendants stipulate that plaintiffs' bid be reduced to $30,000 and pay certain costs and fees, in which case motion was denied. The order of General Term set aside the sale absolutely. (Reported below, 17 Hun, 370.)

The action was for partition, and the decree directed a sale of the premises.

The facts appearing on the motion are sufficiently stated in the opinion.

*Francis Kernan*, for appellants. The evidence did not authorize a finding that Whittier was a " puffer " or " sham-bidder." (*Doolubdass* v. *Rumloll*, 3 Eng. L. & Eq., 47; *Nat. F. Ins. Co.* v. *Loomis*, 11 Paige, 431–433; *Veazie* v. *Williams*, 8 How. [U. S.], 153, 154.) Hersey had a right to procure Whittier to attend and bid off the property at $32,000 to protect his interests. (*Nat. Fire Ins. Co.* v. *Loomis*, 11 Paige, 431, 432, 433; *Smith* v. *Clark*, 12 Vesey, 477–481, 482; *Bramley* v. *Alt*, 3 id., 620–623, 624, 625; 2 Kent, 727 [11th ed.], 538, 539, marg.; *Flint* v. *Woodin*, 13 Eng. L. & Eq., 278–283.)

*C. D. Adams*, for respondents. The remedy was by motion in the action. No suit would lie. (4 Abb. Dig., 85,

No. 98; 2 Barb. Ch. Pr., *541; 62 Barb., 280; 48 How., 37.) It is the plaintiff's right to have a new sale. (*Veazie* v. *Williams,* 8 How. [U. S.], *148; *Howell* v. *Mills,* 53 N. Y., 322; *King* v. *Platt,* 37 id., 155.) The employment of Whittier as a puffer rendered the sale void. (2 Kent's, *537–539; 1 Parsons on Cont., 417; 8 How. [U. S.], *148.)

RAPALLO, J.   Courts of equity exercise a supervision of sales made under their decrees, which is not in all cases controlled by legal rules, but may be guided by considerations resting in discretion. They may set aside their own judicial sales, upon grounds insufficient to confer upon the objecting party an absolute legal right to a re-sale. They may relieve against mere mistakes, accidents or hardships, or oppressive or unfair conduct of others, though such conduct may not amount to a violation of law; and where fraud is alleged they may order a re-sale upon facts casting such a degree of suspicion upon the fairness of the sale as to render it, in their judgment, expedient, under all the circumstances, to vacate it, though the alleged fraud may not be clearly established. In such cases the rights of third parties are duly regarded, and proper terms imposed; but where only the rights of the parties to the action are involved, very few cases can be supposed in which an order granting a re-sale is reviewable in this court. Such orders are usually discretionary, and although reviewable on appeal from the Special to the General Term, no appeal lies to this court from orders of that nature.

An order *refusing* a re-sale has been held appealable to this court, where the conceded or established facts constituted a fraud in law, which upon established principles gave to the complaining party a legal right to have the original sale vacated. (*Howell* v. *Mills,* 53 N. Y., 332.) But it does not follow that where a re-sale has been granted on allegations of fraud, the order is necessarily reviewable in this court and must be reversed if it appear that the proofs fall short of establishing such a fraud as rendered the granting

of a re-sale a matter of legal right. To so hold would deprive the courts below of all discretionary power to vacate a sale when fraud is alleged, however suspicious or even reprehensible the conduct complained of may have been, and however the complaining party may have been misled, so long as the proofs fail to establish actual fraud. The power of the courts to control the mode of execution of their own decrees should not be thus abridged.

In the present case the original parties are the only contestants. The application for a re-sale was made very promptly and it cannot be said that the condition of things had materially changed. The sale was made August 24, 1878, some of the voluminous motion papers were verified as early as September 4, 1878, and the motion was noticed for September 24, 1878. The facts disclosed by the papers are sufficient to create a strong suspicion, at the least, that a fraudulent contrivance was resorted to by or in the interest of the defendant Hersey, to induce the plaintiffs to bid up the property under the belief that Whittier desired and intended to purchase of them at a price higher than that bid by them, and to induce that belief by an artifice. The referee and the General Term both found that such fraud had actually been committed, and it is not customary for us to review the facts upon which the court below has based the decision of a motion. Even if we should undertake to do so in this case, and should come to the conclusion that the fraud was not so clearly proved as to give the respondents an absolute legal right to set aside the sale, there would still remain sufficient to justify the exercise of the discretionary power of the court in the matter.

The question whether the relief should be a reduction of the bid, or a re-sale, was purely one of discretion, and one upon which we should not feel warranted in interfering with the order of the General Term. No question of law being involved the appeal should be dismissed, with costs.

All concur.

Appeal dismissed.