(95 Misc. Rep. 706)

### PURDY v. WILKINS et al.

(Supreme Court, Special Term, Albany County. June 3, 1916.)

1. MORTGAGES �köö559(3)—FORECLOSURE BY ACTION—DEFICIENCY.
   There can be a deficiency judgment only when the mortgagee has endeavored to collect the debt out of the land pledged, for the land constitutes the primary fund for the payment of the debt.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1592; Dec. Dig. ⊛ööö559(3).]

2. MORTGAGES ⊛ööö529(6)—FORECLOSURE BY ACTION—SALE—SETTING ASIDE—INADEQUACY.
   Where an equity in property, sworn to be worth from $5,000 to $12,000 was sold for $1,300 and deficiency judgment entered for $1,085, on which execution was levied to take mortgagor's furniture while she was in jail, on account of the gross inadequacy of the sale price and mortgagee's conduct, the sale was set aside and a resale ordered.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1540; Dec. Dig. ⊛ööö529(6).]

3. MORTGAGES ☞529(2)—FORECLOSURE BY ACTION—SALE—SETTING ASIDE—DISCRETION.

Equity has discretion, not controlled by legal rules, to set aside sales made under their decrees, to relieve against mere mistakes, accidents, or hardships, or oppressive or unfair conduct of others, though such conduct may not amount to a violation of law.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1537; Dec. Dig. ☞529(2).]

Suit by Edward C. Purdy against Mayme D. Wilkins and another. On motion by defendant to set aside a judgment of foreclosure and sale. Sale set aside, and resale ordered.

Charles B. Templeton, of Albany, for the motion.

Crawford & Cogan, of Albany (Henry Crawford, of Albany, of counsel), opposed.

HASBROUCK, J. The defendant Mayme D. Wilkins, a colored woman, kept a disorderly house, and owned subject to incumbrances several lots, three on Dallius street and three on Madison avenue, viz., 49, 51, and 53, in the city of Albany. In making some improvements she became in debt to the plaintiff, and thereafter she executed a mortgage, covering all of the above premises, in the sum of $950, to secure the debt. The mortgage has been foreclosed. In the proceeding the referee to compute the amount due reported $970.36. A sale was had, and the plaintiff bid the properties foreclosed in for $1,300, took title, and thereafter entered a judgment of deficiency for $1,085.93. The deficiency arose because under the bid there was not enough money to discharge back taxes and water rents, amounting to $1,191.69, expenses of sale, $87.50, and unpaid plaintiff's costs, $20.81. The prior liens against these premises, exclusive of some unpaid interest, amount to $12,800.

[1] Thomas J. Graveline, who has qualified as a public expert on values, and whose interest in the affairs of an easy victim of business rapacity is not apparent, swears the fair value of all these properties is $24,500, nearly twice as much as there is against them. There is too—not to be overlooked—the judgment of deficiency resulting from the amount of the $1,300 bid. There can only be a just judgment of deficiency where the mortgagee has endeavored to collect the debt out of the land pledged. It constitutes the primary fund for the payment of the debt. Here it seems undisputed that the plaintiff neglected to foreclose against No. 51 Madison avenue, and therefore is in no position to enter a judgment for deficiency. Spring v. Haines, 21 Me. 126.

[2, 3] The injustice of the plaintiff's conduct becomes apparent when an execution issued upon such judgment is used to take the defendant's household furniture, and that at a time when, because of the unlawful trade she pursued, she was sentenced to jail and banished the city. The plaintiff should have his money, but he ought not to take more of the defendant's property than is necessary in satisfaction. I think the proceeding for a deficiency is unjustifiable; that the sale of a property for $1,300, whose equity is sworn to be worth from

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

$5,000 to $12,000, is grossly inadequate. Under all the circumstances, I cannot free myself of the conviction that the erring woman, because of her infirmities of character, caught in legal toils, is being shorn. The power of the court in the premises, by a very learned and sound judge, is described as follows:

"Courts of equity exercise a supervision of sales made under their decrees, which is not in all cases controlled by legal rules, but may be guided by considerations resting in discretion. They may set aside their own judicial sales, upon grounds insufficient to confer upon the objecting party an absolute * * * right to a resale. They may relieve against mere mistakes, accidents, or hardships, or oppressive or unfair conduct of others, though such conduct may not amount to a violation of law." Fisher et al. v. Hersey et al., 78 N. Y. 389.

Provoked to the exercise of discretion, the court sets aside the sale in foreclosure herein, and orders a resale under the direction of Luther C. Werner.