In the Matter of the Sale of Real Property Located at 2 OAKLAND AVENUE, AMSTERDAM, NEW YORK, by ROLAND HOFFMAN, as Commissioner of Public Welfare of Montgomery County Public Welfare District.

County Court, Montgomery County, June 4, 1951.

*William P. Christian* for Albert De Rose, petitioner.

*Chandler S. Knight, County Attorney,* for Roland Hoffman, as Commissioner of Public Welfare, respondent.

AULISI, J.   The petitioner herein requests that the Public Welfare Commissioner of Montgomery County be prohibited and restrained from delivering a deed of certain real property and that he be ordered to readvertise and resell same.

On May 3, 1951, said commissioner sold certain real property known and described as No. 2 Oakland Avenue, Amsterdam, N. Y., to Mr. and Mrs. Curtis McCary for the sum of $3,250. The sale was conducted at public auction pursuant to section 106 of the Social Welfare Law of the State of New York and after several bids, the property was struck down by the County Attorney who acted as auctioneer, to the McCarys, they being the highest bidders.

The commissioner had obtained the property from recipients of welfare and assistance and had been the titled owner for more than ten years. The recipients had occupied the property through those years and upon their death the commissioner advertised that the property would be sold at public auction on December 8, 1950. Although more than 100 persons were present at the auction, not one single bid was offered at that time.

Notice of both sales was given not only in the official newspapers of the county but large display ads were also published in the newspapers.

The petitioner, who resides next door to the property in question at No. 4 Oakland Avenue, contends that the amount bid by the McCarys is inadequate; that the amount paid out in relief to the former owners of the property by the commissioner is in excess of the bid; that the property is worth a minimum of $4,500 and that the commissioner was duty bound in the public interest to reject all bids made on May 3, 1951. I cannot agree with the petitioner.

There is no proof here that the price was inadequate except petitioner's statement — " *that the said property is worth a minimum of $4500,*" and he does not charge fraud on the part of anyone connected with the sale.

Mere inadequacy of price is not sufficient ground for setting aside a sale. To justify such action the inadequacy must be so great as to shock the conscience of the court and raise an inference of unfairness or fraud, or there must be circumstances showing mistake or surprise. There is no such proof here, nor is it contended that the sale was conducted in such a manner as to prevent fair competition.

It is essential to the interests of parties to the sale of property at public auction that purchasers should continue to retain full confidence in the safety of such purchases and that they will not, as a matter of course, be disturbed merely because a good bargain has been obtained. Otherwise no man of ordinary prudence will bid what he believed to be the fair value of the property, if he might be subjected to further expense and delay in a proceeding to determine if the sale had been strictly regular.

The above are sufficient reasons for denying the petitioner's request, but there is further ground for so doing.

Although it does not appear in the moving papers, the court knows of its own knowledge that the McCarys are members of

the Negro race. The duty of courts is ever to be watchful and alert against open as well as covert and stealthy attacks and encroachments against the social as well as the political and economic rights of persons. Our Constitution guarantees every citizen the right to life, liberty, and the pursuit of happiness.

Every effort should be made by the courts to prevent, so far as is humanly possible, social and economic ostracism. There must be no discrimination, directly or indirectly, by reason of race, color, or creed, in excluding persons from receiving the benefits of a contract legally entered into. Racial hatred and intolerance must be blotted out and we must strike at the bigots and all promoters of discord and unhappiness.

The petition is, therefore, dismissed and an order may be submitted accordingly.