Elbert T. Gallagher, J.
This action was brought to foreclose a transfer of tax lien against the property of defendant, Nonita Pender. Judgment of foreclosure and sale was duly entered and, pursuant thereto, the property was sold at public auction and a deed delivered to the purchaser. Thereafter a proceeding was commenced in which Nonita Pender was adjudged incompetent. The committee of her person and property now moves the court for an order vacating and setting aside the judgment of foreclosure and .sale, the sale held pursuant thereto, the Referee’s deed, and the service of the summons and complaint.
The property has been appraised at approximately $30,000. It has been sold for $2,000 in order to satisfy a $600 tax lien. The record in the incompetency proceeding indicates that defendant was incompetent for some time before the sale. In view of her mental condition and in view of the gross inadequacy of price, the court, in the exercise of discretion, will not allow the sale to stand. (Fisher v. Hersey, 78 N. Y. 387; Home Owners’ Loan Corp. v. Vangerow, 277 App. Div. 774.) However, the mere fact that defendant was subsequently declared incompetent does not form a sufficient basis for vacating the judgment or setting aside the service of the summons.
Motion granted to the extent of setting aside the sale and the Referee’s deed and directing a resale of the property; otherwise denied.
Settle order on two days’ notice providing for reimbursement of the purchaser at the original sale and providing further that the costs of a resale be paid out of the incompetent’s estate.