John E. Cone, J.
Motion by defendant Henry L. McCarthy, as Commissioner of Welfare of the City of New York, for an order directing the Referee to execute a deed to the purchaser at the foreclosure sale conveying the property subject to certain mortgages held by the said defendant or, in the alternative, setting aside the foreclosure sale.
The Welfare Department was named as a defendant in the action by reason of the fact that it held two mortgages on the property for advances made to the owners. These mortgages, aggregating some $3,500, were cut off by the judgment of foreclosure and sale entered herein which judgment did not provide for the sale of the premises subject to such mortgages. The terms of sale, prepared by the attorneys for the plaintiff, contained the statement that the premises would be sold “ subject to liens, violations if any and subject to tenancies.” The judgment of foreclosure and sale contained no provision authorizing the insertion of such conditions in the terms of sale. It appears from the papers submitted on this application that the word “ liens ” created some confusion at the sale and that the attorney for the Welfare Department claimed the mortgages of the department were liens, and the Referee, auctioneer and a representative of the attorney for the plaintiff did not dispute such claim. On the contrary, they agreed therewith and the bidders at the sale were advised that the property was being sold subject to the Welfare Department lien of $3,500. The auctioneer further pointed out that if a bidder desired to bid $13,500 for the property he should bid $10,000 because of the department lien of $3,500.
The purchaser, in opposing the motion to compel him to take title subject to the Welfare Department lien, does not deny that the bidders were so informed. He denies, however, that his bid was over and above the said $3,500 and argues that the Welfare Department should have bid if it wanted to protect its lien which was cut off in the foreclosure action. He objects to the delivery of a deed subject to such mortgages.
*676 Whether or not the purchaser intended his bid to be over and above the $3,500, the fact is that other prospective purchasers were led to believe that he was so bidding and that such bid actually represented a bid of $6,000 for the property, which they may have considered to be the value thereof. If the purchaser bid the sum of $2,500 without intending that it should be over and above the $3,500 as explained by the auctioneer, and other bidders bid or intended to bid an amount over and above said $3,500, the bidders were not bidding equally, the result being a bid in a sum considerably loss than the property might be worth.
The general rule concerning the conduct of judicial sales is clearly set forth in Fisher v. Hersey (78 N. Y. 387), at page 388, where the court said: “ Courts of equity exercise a supervision of sales made under their decrees, which is not in all cases controlled by legal rules, but may be guided by considerations resting in discretion. They may set aside their own judicial sales, upon grounds insufficient to confer upon the objecting party an absolute legal right to a re-sale. They may relieve against mere mistakes, accidents or hardships, or oppressive or unfair conduct of others, though such conduct may not amount to a violation of law ’ ’.
In Mullins v. Franz (162 App. Div. 316) the court said at page 317: ‘ ‘ The courts exercise superintendence over judicial sales, and while reluctant ordinarily to interfere with them, they set them aside for fraud or misconduct in the purchaser or other persons connected with the sale, such as the plaintiff, his agent or attorney, or for the substantial errors or unauthorized acts of the referee, the agent of the court. (Collier v. Whipple, 13 Wend. 224 ; Hale v. Clauson, 60 N. Y. 339 ; Riggs v. Pursell, 66 id. 193, 198 ; Fisher v. Hersey, 78 id. 387 ; Clapp v. McCabe, 155 id. 525, 532.)”
And at page 318:
‘1 The quality of the estate or the extent of the interest to be sold, or the liens, charges or incumbrances subject to which the property is to be sold, are not to be left to a mere ministerial officer, the referee, or to the control of the plaintiff’s attorney. The referee has no power or authority except the judgment of the court. He cannot vary the judgment. He cannot make a sale except in compliance with it. He can sell neither more nor less than it directs him to sell. The terms of sale cannot vary the judgment or relieve the referee from the performance of his duty to sell as directed. (People ex rel. Day v. Bergen, 53 N. Y. 404, 409 ; Heller v. Cohen, 154 id. 299, 308.) * * *
*677 < ‘ A referee who is directed by a judgment to sell certain described real property cannot insert in the terms of sale on his own motion or at the suggestion of the plaintiff or his agents a provision that the premises are sold subject to a vague, indefinite, uncertain outstanding interest in another. The effect of such an act is to make the subject-matter of the sale uninviting to intending purchasers, and the probable result is an unjust and needless sacrifice of the property of the owner of the mortgaged premises. (Freeman Void Judicial Sales [4th ed.], § 36 ; Ritter v. Devine, 80 Hun, 303, 306 ; affd., 150 N. Y. 582.)”
For exhaustive discussion re conducting and setting aside of judicial sales see Goldberg v. Feltman’s of Coney Is. (205 Misc. 858).
Since, from the above, it is clear the Referee or auctioneer liad no authority to change or vary the terms of sale, the purchaser may not he compelled to accept a deed subject to conditions other than provided in the judgment of foreclosure and sale, hut such sale having been made under terms which were not authorized by the judgment and, since it may not be determined whether the bidders were bidding with the same understanding and upon the same terms and whether or not the purchaser bid or intended to bid a sum in excess of the claimed lien, the sale will he set aside and a resale will he had in accordance with the provisions of section 986 of the Civil Practice Act upon terms to be set forth in detail in the order to be entered upon this motion and which shall, among other things, provide for a hid by the Department of "Welfare in the sum of not less- than $2,500, for reimbursement of the expenses of the purchaser paid or incurred by reason of his bid at the foreclosure sale and the additional expenses incurred as a result of the resale. If the Department of Welfare agrees to the conditions herein set forth or as provided in the order to be entered hereon, the sale will be set aside; otherwise the motion will he denied.