John F. Scileppi, J.
In a foreclosure action, Morris Dolgin moves to be declared the successful bidder in the sale held before a Referee of the real property which was the subject of the action herein. In concurrent motions, both the First New York Capital Fund, Inc., and Pellew Wilson Sons & Co., Inc., two of the defendants in the action herein, seek to vacate and set aside the foreclosure sale of such real property.
In support of his application, Morris Dolgin contends that he bid $236,000, which the Referee at the sale declared to be the highest bid. He alleges that he thereupon offered to make a down payment by check of 10% of the amount bid; that the Referee refused to accept an ordinary check and stated that at least a certified check would be required; that he asked the Referee for an adjournment of 10 or 20 minutes to allow him to go to the bank and obtain a certified check; that this request was refused and the bidding was reopened and the property sold to the plaintiff in the foreclosure action for $24,000.
*247 The defendant the First New York Capital Fund, Inc., in support of its motion contends that it never received notice of the impending foreclosure sale and that it had been prepared to bid at the sale to protect its interests; that in any event the property is worth between $350,000 and $400,000 and that the ultimately successful bid of $24,000 is grossly inadequate.
The defendant Pellew Wilson Sons & Co., Inc., in support of its application contends that some confusion arose concerning the day on which the foreclosure sale was to be held. It contends that an application for a stay of the foreclosure sale was pending, the application being returnable on January 22, 1962, the day set for the sale of the real property herein and that in connection with that application, it had submitted a supporting affidavit. Under these circumstances, it argues, it was led to believe that the foreclosure sale was to be stayed or adjourned pending the determination of that application. However, it did not receive notice that the application came on to be heard on January 19, 1962, and, therefore, was completely taken by surprise when it learned that the sale had been conducted. In any event this defendant contends, an appraisal of the property indicates that at a foreclosure sale it would have brought at least $350,000 which is far in excess of the $24,000 that the Referee accepted for the property. Therefore, it argues that a foreclosure sale conducted under the proper circumstances would probably realize an amount in excess of the amount required to satisfy the mortgage liens of the plaintiff, Alben Affiliates, the defendant, the First New York Capital Fund, Inc., and its own mortgage lien, which total $299,126.
The plaintiff in the action herein, which was the purchaser at the foreclosure sale, opposes the three applications. As to the application of Morris Dolgin, the plaintiff argues that inasmuch as neither the plaintiff nor the Referee knew Morris Dolgin, the Referee was justified in requiring a certified check as a deposit since the Referee need only accept the bids of responsible bidders and need not rely on the credit of bidders not known to him. As to the application of the First New York Capital Fund, Inc., the plaintiff argues that notice of the foreclosure sale was given to all parties who had appeared in the foreclosure action. As to the application of Pellew Wilson Sons & Co., Inc., the plaintiff argues that the application for the stay of the foreclosure sale was brought on by Astoria Terminal Inc., the former owner of the real property, and, therefore, the plaintiff was not responsible for the resulting confusion. Finally, the plaintiff argues that its bid of $24,000 was *248 merely nominal since the true cost of the property was the amount due it on its mortgage lien which was approximately $236,000, and, therefore, was not so inadequate as to be unconscionable.
The courts have extensive inherent powers in supervising judicial sales and have a wide discretion in the exercise of such powers (Fisher v. Hersey, 78 N. Y. 387). Any person whose rights may be prejudiced by a foreclosure sale may move to invoke the aid of the court (see Goldberg v. Feltman’s of Coney Is., 205 Misc. 858). The court may act if the foreclosure sale is accompanied by circumstances involving mistakes, accidents, hardships or surprise (Fisher v. Hersey, supra). Thus, if the price realized at a foreclosure sale is so grossly inadequate as to shock the conscience of the court (Matter of Superintendent of Banks, 207 N. Y. 11), or if the sale price is merely inadequate but is accompanied by circumstances of mistake or surprise the court must intervene. The court may act so as to affect the rights of a purchaser at a judicial sale, since such purchaser submits himself to the jurisdiction of the court as to all matters connected with that sale (Wright v. Caprarella, 205 App. Div. 559). A Referee has the right to ignore the bids of irresponsible parties (Irving Sav. Inst. v. Robinson, 35 Misc. 449). He may require that the down payment of 10% in connection with the bid be paid in cash (Baring v. Moore, 5 Paige Ch. 48). However, under certain circumstances, a Referee in the interests of justice should grant an adjournment of the sale to permit a bidder to procure either cash or a certified check to pay the required down payment (see M’Donald v. Neilson, 2 Cow. 139; see, also, Leslie v. Saratoga Brewing Co., 59 App. Div. 400, 402; Portnoy v. Hill, 10 Misc 2d 1004). A notice of the foreclosure sale to a junior mortgage lienor is required if said lienor intends to bid at the sale (see Frazier v. Swimm, 79 App. Div. 53).
The bid accepted by the Referee for $24,000 is grossly inadequate. However, even if as the plaintiff contends the true cost to him was $236,000, this sum is likewise inadequate in view of the fact that the credible evidence herein indicates that the value of the property is approximately $350,000 to $400,000. (See Marsh v. Lowry, 26 Barb. 197.) In addition, the confusion created by an application to stay the sale which misled the defendant Pellew Wilson Sons & Co., Inc., although such confusion was not created by the plaintiff and the claim by the First New York Capital Fund, Inc., that it never received notice of the foreclosure sale are circumstances sufficient to warrant the intervention of the court. It may be that the court could *249 declare a party to be a successful bidder (see Wright v. Caprarella, supra). In the interests of all the parties involved herein, however, it would appear that the more provident course would be to set aside the foreclosure sale and require a resale. The proceedings upon such resale are to be de novo and as though the first sale had never taken place (Goldberg v. Feltman’s of Coney Is., supra).
Accordingly, the foreclosure sale herein is set aside and a resale ordered on condition that the purchaser be repaid any down payment he may have made. (See House Mart, Inc., v. Giacalone, 28 Misc 2d 674.)