Howard Miller, J.
The within case involves a sequestration order which was entered pursuant to section 429 of the Family Court Act by reason of the failure of the respondent to pay support pursuant to the order of this coúrt and of his absence from the State of New York. An accounting has been filed by petitioner’s former attorney, William Perry, Jr., and has been rejected by the receiver who requests that the court review the said statement and rule upon the reasonableness of the receipts and disbursements contained therein.
The issues before the court are the following: (a) where the attorney for the petitioner in a sequestration proceeding under section 429 of the Family Court Act, without the knowledge or consent of the receiver, seizes or permits to be seized the property which is the subject of the sequestration and then (b) causes or permits that property to be transported to another place (c) for the conduct of a sale of the said property all without the knowledge or consent of the receiver, can the court (1) approve such sale and (2) allow the reasonable expenses, fees and charges incurred in such transaction.
The respondent was the owner of a certain real and personal property in Whitehall, New York. He has been out of the United States and it was alleged that he is employed in Iran. The parties were divorced on January 15, 1966. Pursuant to the divorce decree respondent was ordered to pay support and alimony and effective March 21, 1975 was $4,055 in arrears. On May 21, 1975, the petitioner, Elizabeth Hyde, through her former attorney, William Perry, Jr., petitioned the court for an order of sequestration of the said personal property. The order therein was granted on May 22, 1975 and Bruce Rogers, Esq. was appointed as the receiver. The bond dated July 1, 1975 and oath of receiver dated July 14, 1975 were filed August 13, 1975.
Subsequent to the appointment of the receiver, Mr. Perry *16 and the petitioner, without authorization, from either the court or the receiver, (a) had the property removed to Nyack, New York, Ob) made arrangements for the sale of the property at public auction. The auction took place on June 13, 1975 and the property was sold for $9,214.88.
The testimony received by this court further shows the following:
(1.) The receiver was not notified of, nor did he have knowledge of, the seizing of the property; the transfer to Nyack; the securing of the auctioneer and conduct of the sale.
(2.) The property was moved by Nyack Express Company, a company of which the former attorney, William Perry, Jr., was a vice-president and a shareholder. The move was conducted on Sunday at overtime charges.
(3.) William Perry, Jr., introduced the petitioner to his father, William Perry, Sr., who in some manner, unclear to this court, was retained as auctioneer.
(4.) No discussion was had between William Perry, Jr., the auctioneer, William Perry, Sr., and petitioner as to auctioneer’s fee, moving and storage costs, and other expenses until after the sale.
(5.) The proceeds of the sale were deposited in the account of the auctioneer, William Perry, Sr., from which all of the disbursements were made as to advertising, handling, storage, moving, auctioneer charges and attorney fees (the storage was in space owned by the Nyack Express Company).
(6.) Included in the sale was property of others, although all of the expenses of the sale were charged to the proceeds of the sale of the sequestered property.
(7.) Approximately 14 items were sold to members of the family of both William Perry, Jr., Esq., and the auctioneer, William Perry, Sr. One item in particular, a bronze bust, was purchased by the sister of William Perry, Jr., at a sealed bid, not at auction, for $300 and resold by her shortly thereafter for $750.
The court looks askance at the above-outlined conduct of William Perry, Jr., Esq. He prepared and filed the application for the order of sequestration and he knowingly undertook or permitted to have the property seized, transported, and sold without notice to, or the consent of, the receiver. At the time of the above-mentioned action the receiver had not yet qualified, but he was designated by the court and was awaiting the *17 securing of a bond. Receiver’s rights and duties vest and become fixed at the date of his appointment. (Foley v Equitable Life Assur. Co., 290 NY 424.) The court cannot find justification for any claim made that the Nyack Express Company and the auctioneer, William Perry, Sr., are innocent parties since the former attorney is an officer and stockholder of Nyack Express Company which supplied the moving services and the auctioneer is his father..
A sale under an order of sequestration is a judicial sale over which the court has supervision and the court has wide discretion in the exercise of such powers (Fisher v Hersey, 78 NY 387; Alben Affiliates v Astoria Term., 34 Misc 2d 246; House Mart v Giacalone, 28 Misc 2d 674). The court has the power to control the mode of execution of its own decree (Fisher v Hersey, supra) even in the absence of enabling statutes (New York Med. Col. v 150-21 E. 111th St. Corp., 90 NYS2d 591). The interest of the parties, both creditor and debtor, require the scrupulous impartiality in the conduct of the sale (Goldberg v Feltman’s of Coney Is., 205 Misc 858).
The record indicates that the sale herein, except for the "bronze” bust, was conducted openly. It was advertised and there was some circularization. Without any supporting facts, the petitioner cannot claim that possibly, if the sale were conducted by the receiver, a greater sum would have been realized. (Monther Inc. v Haralambides, 56 Misc 2d 29.) Such mere speculation is not sufficient to challenge the propriety of the sale (Matter of 2 Oakland Ave., Amsterdam [Hoffman], 200 Misc 408; Southold Sav. Bank v Gilligan, 76 Misc 2d 30).
There appears to be no justification for the transportation of the furniture to have taken place on Sunday, at increased cost, when it could just as well have been done on Monday. The petitioner was upon the property, presumably with a copy of the sequestration order. Thus, the urgency is not clear to the court and the extra charge will not be permitted.
The facts show self-dealing where the property was moved by a company in which the former attorney had an interest as an officer and stockholder and his father acting as auctioneer. Accordingly, this court finds that the former attorney is not entitled to a fee for his services rendered in these sequestration proceedings.
It is urgent in order to keep the public interested in purchasing at judicial sales that such sales not be lightly set aside. Such a result would discourage those bidding at sales *18 and, unless there are compelling equitable considerations, such sales should be ratified where ever possible (House Mart v Giacalone, supra; Matter of Krabbe, 7 Misc 2d 823).
In view of the foregoing, the court hereby ratifies the sale herein, except as hereinafter provided. The court approves the "Statement of Accounting” as prepared by the court by reason of the inability of the receiver to prepare a proper accounting due to the questions raised as to the reasonableness of the receipts and disbursements.
The petitioner’s rights are reserved as to any claim she may have as concerns the bronze bust purchased at the auction by closed bid.
The court directs that William Perry, Jr., pay the sum of $1,638.48 to the receiver as provided in schedule F of the statement of accounting within 10 days after entry of order herein.
The funds presently held by the receiver and to be received shall be paid in the manner provided by law as prayed for in the petition dated March 12, 1975. Whereas, it appears there are arrears accumulating since the filing of the petition any surplus shall be held by the receiver for 60 days.