Bethel Springvale Nursing Home, Inc. v Gleason (2023 NY Slip Op 03901)

Bethel Springvale Nursing Home, Inc. v Gleason

2023 NY Slip Op 03901

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-04009
 (Index No. 52638/19)

[*1]Bethel Springvale Nursing Home, Inc., etc., plaintiff-respondent, 
v
Thomas A. Gleason, etc., defendant-respondent, Peekskill Partners, LLC, etc., appellant.

Geist Schwarz & Jellinek, PLLC, White Plains, NY (Matthew D. Schwarz of counsel), for appellant.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and Lisa Colosi Florio of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to set aside a sheriff's sale of real property held on February 7, 2019, the defendant Peekskill Partners, LLC, appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), entered March 9, 2020. The order granted the plaintiff's motion for leave to reargue its prior motion, inter alia, to set aside the sale, which had been denied in an order of the same court entered June 17, 2019, and, upon reargument, among other things, in effect, granted the plaintiff's motion, inter alia, to set aside the sale, and set aside the sale.
ORDERED that the order entered March 9, 2020, is affirmed, with costs.
The property at issue in this action was auctioned at a sheriff's sale held on February 7, 2019, to satisfy a default judgment entered in favor of the plaintiff in a separate action. The defendant Peekskill Partners, LLC (hereinafter the defendant), won the auction with a bid of $100.
The plaintiff commenced the instant action by filing a motion to set aside the sheriff's sale and for injunctive relief enjoining the sheriff from transferring title. In an order dated June 14, 2019, the Supreme Court denied the plaintiff's motion, determining that when certain encumbrances on the property, including an outstanding judgment lien, were taken into consideration, the purchase price did not shock the conscience.
The plaintiff moved for leave to reargue its motion, inter alia, to set aside the sale, arguing, among other things, that the Supreme Court should not have considered the judgment lien when determining the adequacy of the purchase price. In an order entered March 9, 2020, the court granted the plaintiff leave to reargue and, upon reargument, among other things, in effect, granted the plaintiff's motion, inter alia, to set aside the sale, and set aside the sale, determining that the defendant failed to prove that the judgment lien was an obligation that it needed to satisfy, and that, without consideration of that judgment lien, the purchase price of the subject property was shockingly and unconscionably low. The defendant appeals.
"A motion for leave to reargue 'shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion'" (Peretz v Zhenjun Xu, 205 AD3d 746, 747, [*2]quoting CPLR 2221[d][2]). "A motion for leave to reargue is addressed to the sound discretion of the motion court" (A.R. Conelly, Inc. v New York City Charter High Sch. for Architecture, Eng'g & the Constr. Indus., 206 AD3d 787, 788 [internal quotation marks omitted]).
"[A] court has the discretion to exercise its equitable powers 'to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale'" (Wells Fargo Bank, N.A. v IPA Asset Mgt. III, LLC, 111 AD3d 820, 821, quoting Fleet Fin. v Gillerson, 277 AD2d 279, 280). "Absent such conduct, the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience" (Dime Sav. Bank of N.Y. v Zapala, 255 AD2d 547, 548). Sales at prices below 10% of value have consistently been held unconscionably low in New York (see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 408, citing Central Trust Co. Rochester v Alcon Devs., 93 Misc 2d 686 [Sup Ct, Wayne County]; Alben Affiliates v Astoria Term., 34 Misc 2d 246 [Sup Ct, Queens County]; Chemical Bank & Trust Co. v Schumann Assoc., Inc., 150 Misc 221 [Sup Ct, Kings County]; Purdy v Wilkins, 95 Misc 706 [Sup Ct]).
Here, the Supreme Court properly granted the plaintiff leave to reargue and, upon reargument, properly set aside the sale on the ground of insufficiency of the price. The court initially misapplied the law when it considered the judgment lien when considering the adequacy of the purchase price of the property, as a sheriff's sale "conveys the realty to the purchaser free of all judgment liens" (May v Finnerty, 104 Misc 2d 450, 452 [Sup Ct, Suffolk County]; see Matter of Frank, 39 BR 166 [Bankr ED NY]). Here, the evidence in the record indicates that the value of the property was approximately $153,000. The defendant's winning bid at auction was $100, and there was an outstanding tax lien on the property of $3,057.32. Taken together, the sales price at auction was well below the 10% threshold percentage that has been found by courts in New York to be "unconscionably low" (Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d at 408).
The defendant's remaining contention is not properly before this Court.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court