**458 E. 25th St. Invs. LLC v Sinay**

2024 NY Slip Op 33874(U)

October 29, 2024

Supreme Court, Kings County

Docket Number: Index No. 514161/2023

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------------x
458 EAST 25th STREET INVESTORS LLC, SHLOIME
GOLDSTEIN a/k/a SHLOMO ELIEZER GOLDSTEIN,
individually and on behalf of FLATBUSH
HOLDINGS 17 LLC AND FLATBUSH HOLDINGS 18 LLC,
                                    Plaintiffs          Decision and order

          - against -                                  Index No. 514161/2023

SHLOMO SINAY a/k/a SHLOMO ABRAHAM SINAI,
E25 LLC, AJ E25 LLC, "JOHN DOE" and "JANE DOE"
1-10, the names being fictitious as their true
names are unknown and are intended to be the
owners, officers, directors, shareholders and/or
members of defendants E25 LLC, AJ E25 LLC, whose
names are currently unknown to Plaintiffs but will
be discovered during the course of discovery in
this action,
                                    Defendants,        October 29, 2024
------------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                          Motion Seq. #4


The plaintiffs have moved pursuant to CPLR §2221 seeking to

reargue a decision and order dated August 1, 2024 which granted

defendant's motion to stay the action pending arbitration.  The

defendants oppose the motion.  Papers were submitted by the

parties and after reviewing all the arguments this court now

makes the following determination.

As recorded in the prior order, the plaintiff Goldstein and

defendant Sinay are members of Plaintiffs Flatbush Holdings 17

LLC and Flatbush Holdings 18 LLC.  These entities were

established to acquire and develop property located at 458 East

25th Street in Kings County.  The amended complaint alleges the

defendant Sinay borrowed funds from investors including non-party

Abraham Joseph, and pledged his interests in the entities as

collateral for the loans in violation of the membership agreements of the entities.  The verified complaint further alleges the defendant diverted income due to the entities in efforts to pay off these loans in violation of the membership agreements and the mortgage obtained.  Specifically, the verified complaint alleges the defendant Sinay transferred four condominium units to defendant E25 LLC and three condominium units to defendant AJ E25 LLC.  Both of these entities were owned by non-party Joseph who has since passed away.

As noted, although the plaintiff and the defendant agreed to proceed in arbitration this action was commenced to preserve the plaintiff's rights following the improper transfers alleged.

In the prior order the court stayed this action pending further proceedings in arbitration pursuant to an arbitration agreement between the plaintiff Goldstein and defendant Sinay. The court held that although there was no arbitration agreement with Joseph or his entities the claims of Joseph are intertwined with those of Sinay and that arbitration is the best forum to resolve these issues.  The plaintiffs have moved seeking to reargue that determination.  As noted the motion is opposed.

## Conclusions of Law

A motion to reargue may be granted upon the showing that the court overlooked or misapprehended the facts or law or for

2

some other reason mistakenly arrived at its earlier decision (Bethel Springvale Nursing Home Inc., v. Gleason, 218 AD3d 724, 192 NYS3d 692 [2d Dept., 2023]). Thus, the party must demonstrate that the court overlooked some point of law or fact and consequently made a decision in error.

In the prior decision the court held that since the parties agreed to participate in arbitration and the claims against Joseph are connected to the claims against Sinay the arbitration should include Joseph as well. The court further held that any arguments arbitration is the incorrect forum should be raised there. The court also noted that commencing this action against Joseph when an ongoing arbitration was taking place could be considered impermissible forum shopping. Upon reargument the plaintiff has failed to raise any issue wherein the court erred in its conclusions. Essentially, the plaintiff does not wish to proceed in arbitration against Joseph. The court noted that while no arbitration agreement has been entered into with Joseph it is surely improper to engage in arbitration with Sinay and not with Joseph who in all senses is the extension of Sinay considering the facts of this case. While Sinay has not moved seeking to dismiss this action on the grounds an arbitration already exists, surely Josehp's motion in this regard must be considered since it will be impossible to adjudicate claims against Joseph without also implicating Sinay as well.

3

Therefore, the claims against both Sinay and Joseph contain such overlap that they must proceed in the same forum.

Consequently, the motion seeking reargument is denied.

So ordered.

ENTER:

DATED: October 29, 2024
        Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC