William R. Brennan, Jr., J.
This motion is made by a bidder upon two of six parcels included within a judgment of foreclosure and sale who seeks an order requiring the Referee who conducted the sale to convoy the two parcels to him or, in the alternative, to require a resale of all of the parcels. The motion will be granted as to the latter branch.
On July 10, 1964 this court (Farley, J.) granted final judgment of foreclosure and sale. The judgment affected six distinct parcels of real property in various parts of the county. The plaintiff’s moving affidavit made in connection with the application for judgment properly stated that it was necessary that the judgment provide for the order in which the six parcels should be sold. This relief was sought because the equities of the interests of those of the defendants who were junior incumbrancers and grantees of the various parcels required consideration and resolution. The plaintiff offered suggestions as to the order of sale based upon equitable principles and considerations. The court adopted those suggestions. (Of. 2 Wiltsie, Mortgage Foreclosure [5th ed.], p. 1155 et seq.) The judgment directed that the mortgaged premises described in the complaint, or such part thereof as was sufficient to discharge the mortgage debt, the expenses of the sale and the costs of the action, be sold at public auction by and under the direction of the Referee appointed for that purpose ‘ ‘ in separate parcels in the order hereinafter set forth.” (Underscoring supplied.) The order designated the parcels alphabetically from A through F inclusive.
The Referee designated to sell the property offered the same pursuant to terms of sale which included the following statement: “ The premises will first be offered for sale in separate parcels. Upon completion of the bidding for the parcels so offered for sale, the said parcels will be offered for sale together at a minimum bid which shall be in excess of the total amount bid for the parcels offered for sale separately. The premises will be struck down to the person or persons making the highest bid for the parcels, either separately or together.” It will be observed that the terms of sale vary from the judgment by making provision not only for sale in separate lots, but also for sale in bulk.
There is no dispute that the first four parcels offered (A, B, C and D) brought individual bids aggregating $74,500 which *520 was sufficient to discharge the mortgage debt, expenses of the sale, and costs of the action, and parcels E and F were therefore not offered at all. However, parcels A, B, C and D were then offered in bulk and the bulk bid was $76,000, for which price they were sold subject to confirmation of the sale by the court. The moving party here is a bidder at the sale who made the high separate bids on parcels O and D. It is also the owner by acquisition since the commencement of the foreclosure proceedings of the equity of redemption of parcels C and D. It has no interest in any of the other parcels. It is apparent from the manner in which the judgment was drawn and the directions for sale contained therein that parcels C and D were directed to be sold after parcels A and B and before E and F because of the consideration of an adjustment of the equities as between the various junior incumbrancers and owners of the equities of redemption of the several parcels.
A Referee appointed to sell real property is, of course, a mere ministerial officer. He lacks power, therefore, to vary the judgment of the court or to make a sale except in conformity with its provisions. (Empire State Development Co. v. Lambert, 15 A D 2d 511; Zouppas v. Yannikidou, 16 A D 2d 52; Mullins v. Franz, 162 App. Div. 316.) He may not by his terms of sale limit the scope of the judgment, lessen the number of prospective bidders, diminish the amount of possible bids, or interfere with equities established by the court. Courts of equity exercise a supervision of sales made under their decrees which is not in all cases controlled by legal rules, but may be guided by considerations resting in discretion. (Fisher v. Hersey, 78 N. Y. 387, 388.)
The net and inequitable effect of the terms of sale which the Referee adopted was to compel the owner of the equity of parcels C and D, which had no interest in any other parcel, to do more than merely make the high bid for the parcels in which it had an interest warranting protection. It was also required to contemplate the possibility that in order to salvage its investment in those two parcels it would be required to make the high bid for parcels A and B with which it concededly had no connection. If the court had contemplated such a requirement, it would have been included in the carefully drawn judgment (12 pp. in length) which contains within itself evidence of the priorities that the court sought to preserve and the equities it sought to confirm.
The judgment directed the mode of sale and that mode of sale was not followed. The Referee added to those terms provisions beyond bis powers. Such additions rendered inequitable *521 the sale directed by the judgment that sought to reconcile and adjust equities as between the several parties to the action. There is no alternative but to direct a resale which shall adhere to the terms of the judgment in all respects. The report of the Referee to sell is denied confirmation and the order to be entered hereon will provide for further proceedings in accordance with this opinion.
Settle order on notice to the persons designated in the order to show cause and to the respondents appearing on this motion.