■ ANGELA CRISONA et al., Respondents, v. JOSEPH MACALUSO et al., Defendants; and JOHN D. BUSSEL, Respondent. RALEST REALTY CORP., Appellant.— In an action to foreclose a mortgage on real property, the purchaser at the foreclosure sale held pursuant to the interlocutory judgment of foreclosure and sale entered November 12, 1968 appeals from an order of the Supreme Court, Richmond County, dated March 31, 1969, which (1) denied the motion of a subordinate mortgagee insofar as it was to vacate the sale, but (2) granted the motion insofar as it was for alternative relief, i.e., directing the purchaser to pay or be responsible for unpaid real estate taxes, and amended the judgment *nunc pro tunc*, as of the date of its entry, " to conform to the terms of sale." Order modified, on the law, by striking therefrom the second and third ordering paragraphs, which granted the alternative relief, and substituting therefor a provision denying such relief. As so modified, order affirmed, with-

out costs. The findings of fact below are affirmed. The judgment appointed a Referee to sell the mortgaged premises at public sale and directed that he " on receiving the proceeds of such sale forthwith pay therefrom the taxes, assessments or water rates which are or may become liens on the premises at the time of sale ". The sale took place at the Referee's office on December 13, 1968. Respondents contend that when the Referee proceeded with the sale he orally announced, contrary to the terms of the judgment, that the purchaser would be required to pay, in addition to the price he might bid for the property, any open real estate taxes which then might be a lien against the property; and appellant (the purchaser) acquiesced in this alleged variation of the sale directions. However, the written " Terms of Sale " contract, signed by the Referee and appellant on that day, contains no such commitment. Rather, it complied with the judgment; it made it incumbent on the Referee to pay such taxes out of the purchase price bid and paid; the Referee did use part of the sale proceeds to pay the taxes; and on January 17, 1969 the Referee delivered a deed to appellant for the property free of any obligation to pay the taxes. On January 24, 1969, respondent Bussel (one of the third and subordinate mortgagees) moved for an order " directing that the real property be resold * * * pursuant to the judgment heretofore entered herein, or, * * * that said Ralest Realty Corp. [appellant], be responsible for all open real estate taxes affecting the premises ". Plaintiffs and appellant were the only persons made parties to the motion. The Referee and the title company which insured appellant's title were not made parties thereto. Special Term, by the order under review, granted the motion to the following extent: " the alternative part of the motion directing the purchaser or the assignee thereof to pay or be responsible for the real estate taxes * * * is granted, and * * * the judgment entered herein * * * is amended nunc pro tunc as of the date of the entry thereof to conform to the terms of the sale." In our opinion the Referee had no power to sell the property in any manner other than the one mandated by the foreclosure judgment (*Ercolani* v. *Sam & Al Realty Co.*, 17 N Y 2d 299; *Franklin Nat. Bank* v. *De Giacomo*, 44 Misc 2d 518; *Zouppas* v. *Yannikidou*, 16 A D 2d 52; Real Property Actions and Proceedings Law, § 1354). Assuming that before he entered into the contract of sale he had, at variance with his authority under the judgment, undertaken orally to state that the highest bidder would have to pay the open real estate taxes in addition to the bid price, and that appellant acquiesced therein, nevertheless, such alleged oral commitment would be unenforceable (General Obligations Law, § 5–703). The written contract, labeled " Terms of Sale ", signed by the Referee and appellant, contains no agreement on appellant's part to pay the open real estate taxes in addition to the price it bid; and it contains no clause relieving the Referee of his obligation under the judgment to pay these taxes out of the proceeds of the sale. Thus, Special Term erred as a matter of law in the order under review which, in effect, directs appellant to specifically perform an alleged oral contract requiring it, as stated in the order, " to pay or be responsible for the real estate taxes ". Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.