Bernard F. McCaffrey J.
This motion presents the novel question as to what degree the use of a law publishing company’s recommended form for publication of a notice of a postponed foreclosure sale constitutes adequate public notice.
The plaintiff relies upon the undisputed fact that the form of notice of adjournment is consistent with the forms recommended for use for this purpose in such recognized form book texts such as .Oarmody-Wait Cyclopedia of New York Practice and Bender’s Forms for Civil Practice, at least insofar as both provide for an adjournment, as follows:
“ (Add to original notice of sale the following) The sale of the above described property is hereby adjourned until the day of , 19 at the same hour and place.
Dated:
Referee ”
According to the referee’s report of sale dated July 13, 1973, a public sale ¡was conducted on February 9, 1973 and the highest bid was $8,900. Subsequently this bidder defaulted and vacated the deposit of $1,250. The sale was renoticed for June 4, 1973; however, this sale was adjourned to June 21, 1973, at the unexplained request of the plaintiff’s attorney. It is undisputed that no other bidders, except the plaintiff, attended the adjourned *18 sale of June 21,1973, who bid on the property for the outstanding mortgage amount of $6,609.60. It is further undisputed that on or about October 15, 1973 the plaintiff, Long Island City Savings and Loan Association, sold the property -to Leyland and Filippi, Inc. for approximately $12,000, and transferred title to said corporation. Thereafter, said corporation instituted a proceeding in the District .Court to eject the defendants, George and Hattie Suggs from the premises.
The court notes that the legal notice of June 14, 1973 listed the date of sale as June 4, 1973 (some 10 days prior to this publication), followed by a long-form metes and bounds description * and thereafter at the bottom of the notice is added an additional sentence in the same size and print stating that the sale “ is hereby adjourned to 21st of June 1973 at the same hour and place ’ ’, which was the first, mention of the actual date of sale, and the only indication that this was a postponed sale.
The purposes and intent of the Legislature in enacting subdivision 3 of section 231 of the Real Property Actions and Proceedings Law, as amended by the Laws of 1965, were to provide for a procedure where the referee does not appear at the sale. The statute provides that the attorney for the plaintiff may postpone or adjourn the sale for a period not exceeding four weeks, during which time such attorney may make application to the court to have another referee appointed to make such sale. . Though, in practice, upon good cause shown and where there is no prejudice to the parties, a referee may under special circumstances postpone a sale where it is done in the manner required by law and is not contrary to the judgment. However, the core of the issue here is not as much the adjournment, but the manner and circumstances thereof, and there is no authority under this section for a referee to arbitrarily adjourn the published date of the published date of the foreclosure sale merely on the request of the plaintiff’s attorney.
A referee appointed to sell real property serves in a ministerial capacity and he has no power to vary the judgment of the court, or to make a sale except in conformity with its provisions and the applicable statutes. He may not arbitrarily conduct the sale, schedule or reschedule sale dates, or give public notice in such a manner as to have the effect of limiting the number of prospective bidders, or detrimentally affect the number or amounts of possible bidders. (Franklin Nat. Bank v. De Giacomo, 44 Misc 2d 518; Empire State Development Co. v. Lambert, 15 A D 2d 511; Zouppas v. Yannikidou, 16 A D 2d 52; Mullins v. Franz, 162 App. Div. 316.)
*19 The plaintiff, Long Island Savings and Loan Association, argues that this is merely a dilatory tactic on behalf of the defendants to put off the inevitable eviction of the defendants from their homestead. Nevertheless, the remedy of foreclosure is a drastic" one where the equities most times are not balanced, and where the debt ridden mortgagor not only lacks the monetary resources to prevent the foreclosure, but also in most instances does not have sufficient funds to have his rights protected.
The court herein determines that, pursuant to subdivision 6 of section 231 of the Real Property Actions and Proceedings Law, a substantial right of the defendants had been prejudiced by the defects in the notice, date and manner of this foreclosure sale. It is not necessary for the defendants to set forth either a willingness or ability to personally bid on his premises at any future foreclosure sale in order to be damaged. The substantial right involved arises out of what is often the most valuable property right the average individual possesses in his lifetime, that is, the ownership of one’s home, the life sustaining family shelter, the forced sale of which certainly requires, at the minimum, the fullest compliance with the statutory provisions relating to the notice, time and manner of the conducting of foreclosure sales. Though inadequacy of price alone is not as a rule sufficient basis for a resale, nevertheless, the legislative intent in these matters is clear and, that is, that public notice of sale be given in adequate form so as to provide as many prospective purchasers at the sale in order to fully protect the rights of the homeowner, and hopefully obtain a surplus, or at least to offset any deficiency.
The plaintiff relies upon the case of Woodhull v. Little (102 N. Y. 165), as the authority for the forms recommended for this use by Carmody-Wait Cyclopedia and Bender’s Forms for Civil Practice. However, it is noted that in that ease the Court of Appeals in no way passes upon the sufficiency of this form, except to say the adjournment notice must contain a description of the lands to be sold.
The plaintiff further argues that, because the notice of postponement “ followed a recognized form of postponement offered and used in current legal practice ’ ’, the court should find it to be legally adequate. Though the court takes note that the general use of legal forms printed by such reputable legal publishing firms, as those cited herein, is consistent with existing practice, nevertheless, every law student is schooled on the axiom that these forms are only tools and it is the provisions of the applicable statutes that are controlling. Thus, where the *20 úse of a particular form may be appropriate in some instances, it does not follow that its use would be adequate under all factual situations such as in this instance.
The court notes that it is possible that a person possessing the expertise of an experienced bidder at foreclosure sales might not be misled by the form of notice used, which listed at the outset the original' date (which had already passed at the time of this publication), and would have continued to read through the entire notice in order to determine the actual postponed date of sale in the addendum at the end of the republished original notice. However, it is of note that no bidders, other than the plaintiff’s representative, appeared at the postponed sale. Furthermore, the court finds that this form of notice, which at most might give notice to a limited select group of persons possessing special expertise and experience, does not constitute adequate legal notice.
The form of public notice in order to be legally adequate must be drawn so as to reach as many possible interested bidders, not just a select group who specialize in bidding at these foreclosure sales and whose expertise is such that they might, as a matter of course, assume that this notice pertained to a postponed sale. In addition to using a form of public notice that is adequately captioned as a “ Legal Notice of Postponement of Sale”, it should also at the very outset in the body of the notice, after the usual preamble, clearly set forth the original time and date of the sale and immediately thereafter the adjourned time and date, and thereafter the place and other necessary details.
Just as the law itself must adapt to the changing times and requirements as to more adequate notice, such as was noted by the 1972 United States Supreme 'Court decision in Fuentes v. Shevin (407 U. S. 67), so too must the law book forms be continuously updated to meet the change in laws and current decisions. In order to comply with the statutory requirements of public notice, it is not sufficient that a plaintiff merely establish that he has used a law publishing company’s recommended form for the particular purpose.
Therefore, in this particular instance, the court determines that a substantial right of the defendants, Suggs, has been prejudiced by the plaintiff, Long Island City Savings and Loan Association, and that the defendants have been thereby .damaged.
However, the court notes that at no time do the defendants express any interest or ability to redeem the property, in fact, it would appear that they do not possess the financial resources to do so, and the only benefit of a resale to the defendants would *21 be a monetary consideration. Furthermore, it is noted that, though the statute (Real -Property Actions and Proceedings Law, § 231, subd. 6) provides for a one-year period after the foreclosure sale for the court to act, the defendants did not institute any proceeding even when plaintiff resold the premises to a third party some four months after the foreclosure sale. Further, it would appear that it was only after the third party instituted a proceeding in the First District Court to eject the defendants from the property that this order to show cause to set aside the foreclosure sale was instituted, almost seven months after the foreclosure sale.
A court of equity may set aside its own judicial sales, upon grounds insufficient to confer upon the objecting parties an absolute legal right to a resale. They may relieve against oppressive or unfair conduct of others, though such conduct may not amount to á violation of law. (Fisher v. Hersey, 78 N. Y. 387.)
The Court of Appeals further stated in Fisher (supra, p. 388): “ Courts of equity exercise a supervision of sales made under their decrees, which is not in all cases controlled by legal rules, but may be guided by considerations resting in discretion * * * In such cases the rights of third parties are duly regarded, and proper terms imposed.”
The court notes that the plaintiff and defendants and the Nassau Board of Public Welfare are the only named parties. Further, that though plaintiff’s transferee, Leyland and Filippi, Inc., was served with the moving papers they neither were made nor sought to be named a party to. this action. The court further notes that it is uncontroverted that the conditions had materially changed since the foreclosure sale of June 21, 1973 by the resale of the premises on October 15,1973 by the plaintiff to its transferee, Leyland and Filippi, Inc., and there has been no allegation that they were not a bona fide purchaser.
Therefore, pursuant to the provisions of subdivision 6 of section 231 of the Real Property Actions and Proceedings Law and as a matter of equity, this court sets aside the foreclosure sale of the premises, 175 Louis Avenue, Elmont, New York, and the referee’s deed issued at the time of the sale; directs the Clerk of this court to issue a certificate of disposition vacating said referee’s deed on file with the County Clerk, unless the plaintiff, Long Island Savings and Loan Association, after a hearing, stipulates to pay to defendants such amount of damages and costs and fees as may be determined by this court at said hearing to he held on May 21,1974 at 9:30 a.m.