Joseph G. Fritsch, J.
The plaintiff moves pursuant to subdivision 6 of section 231 of the Real Property Actions and Proceedings Law of the State of New York for an order vacating and setting aside a foreclosure sale of certain real property in Livingston County. The plaintiff contends that the notice or advertisement of sale was not in accordance with the order of judgment and sale which was signed by the Honorable Robert P. Kennedy, Supreme Court Justice, on the 21st day of July, 1975, and that this error and defect prejudiced his rights insofar as potential bidders were concerned.
The order of foreclosure and sale herein in pertinent part on page 3 thereof reads as follows: "that said referee on *950 receiving the proceeds of said sale forthwith deposit the moneys received by him in the Genesee Valley National Bank and Trust Company, Geneseo, New York, and forthwith pay therefrom taxes, assessments and water rents which are or may become liens on the premises at the time of sale” (emphasis added). The notice of sale states in pertinent part that the sale shall be "Subject to any and all covenants, restrictions and easements of record, taxes, assessments, water charges” (emphasis added).
At the sale on September 26, 1975 the referee read the notice of sale, as published, prior to taking any bids on the property. It appears that the only two prospective bidders present, the plaintiff and the purchaser, Carl DiLiberto, understood from a discussion with him that all taxes would be paid out of the proceeds of the sale pursuant to Justice Kennedy's order.
Regardless of the wording of the notice of sale or the oral discussion of the referee at the time of sale, the referee had to comply with the order of judgment and sale, and it was incumbent on him to pay whatever taxes were a lien on the premises from the proceeds of the sale. (See Crisona v Macaluso, 33 AD2d 569; also see Day v Town of New Lots, 107 NY 148, 156.)
Here, however, the terms of sale as contained in the notice of sale were misleading to potential bidders reading said notice, who, by such reading could be deterred from attending and bidding at the sale because their purchase would still be subject to the lien of unpaid taxes and not free of tax liens as provided for in Justice Kennedy's order. On the day of the sale the referee, although he tried to do so insofar as those bidders present were concerned, could not correct the damage done by the error of the notice, and its irregularity.
The plaintiff, who acted promptly in making this motion, was prejudiced in his substantial right to have the notice correctly notify potential bidders of the terms of sale. (Zouppas v Yannikidou, 16 AD2d 52.)
The final order and judgment confirming the sale and granting judgment thereon is vacated, on the law, on the facts and in the exercise of discretion, without costs, and a resale is directed in conformity with the interlocutory judgment of sale of Justice Kennedy.