OPINION OF THE COURT
Elizabeth W. Pine, J.
This is a motion to approve a receiver’s accounting and discharge him and a cross application to set aside a foreclosure sale of premises known as Orchard Grove Village Mobile Home Park, Ontario, Wayne County, New York, and to disapprove the referee’s report. The sale occurred on July 14, 1977.
It is undisputed that the only bidder was the plaintiff bank, which bought the mobile home park for $1. Plaintiff’s judgment on foreclosure was in the amount of $1,894,109.23.
There is no contention here that there was failure to publish and post the notice of sale the number of times in the number of places required by statute, but it is argued that this is insufficient for a property with as specialized and limited market as a mobile home park. This court agrees. The referee’s report of sale shows publication in the Wayne County Mail, a weekly newspaper published in Ontario, Town of Ontario, Wayne County, New York. The bill was sent by the newspaper to plaintiff’s attorneys, which suggests that the attorneys arranged the publication. The posting of notices was done by one of plaintiff’s attorneys in three public places in Ontario County: The town office building, Jim’s Grocery and the United States Post Office, Zip Code 14519.
It may be a common practice for the plaintiff mortgagee *688 to arrange for and carry out the advertising. However, this reflects a misunderstanding of the role and responsibility of the referee. His office is not perfunctory or empty. He should in fact, as well as in theory, select the time of sale and means of advertising within limits permitted by law. Whatever discretion he has should be exercised by him, not delegated by him to one of the parties. (Van Boskerck v Hayward, 81 Misc 370; Marks, Maloney and Paperno, Mortgages and Mortgage Foreclosure in New York, § 272, p 381.) The discretion with regard to advertising was exercised by plaintiff, not the referee.
The notice of sale should be drawn to reach as many interested bidders as possible. (Long Is. City Sav. & Loan Assn, v Suggs, 78 Misc 2d 16.) The advertising here was not reasonably calculated to reach potential purchasers of this type of property.
Given these deficiencies, the court finds that the purchase price of $1 for this property is so grossly inadequate as to shock the conscience of the court. The sale must be set aside. A court of equity may set aside its own judicial sale upon grounds insufficient to confer upon the objecting parties an absolute legal right to a resale. It may relieve against oppressive or unfair conduct of others, though such conduct may not amount to a violation of law. (Fisher v Hersey, 78 NY 387, 388; Long Is. City Sav. & Loan Assn. v Suggs, supra.)
The receiver will continue to serve until the resale so it is premature to rule on his accounting. The referee’s report is disapproved.
The referee shall proceed to a new sale of the premises in full compliance with statutory and case law requirements.