■ BERNADETTE STRIANESE, Respondent, v CHRIS A. PARADISO et al., Respondents. RACHEL CONSTRUCTION CORP., Nonparty-Appellant.—In an action for the partition of real property, the purchaser at a Referee's auction of the premises which is the subject of the action appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated July 16, 1985, as denied its cross motion for the release to it of moneys held by the Referee.

Ordered that the order is affirmed, insofar as appealed from, with costs.

By an amended judgment dated September 6, 1983, a Referee was appointed in this partition action. The Referee published the terms of the sale and entered into a memorandum of sale with the appellant, the successful bidder. The appellant was not a party to the partition action. The terms of sale failed to include a provision of the underlying judgment making such sale subject to the Federal Government's right to redeem the premises on account of liens docketed against the property by the Internal Revenue Service.

It is uncontroverted that the Referee was prepared to deliver a deed on October 14, 1983, but the appellant did not appear. By letter dated October 19, 1983, the plaintiff's counsel advised the appellant's counsel "It is our understanding that you would like this exception removed prior to accepting a Referee's Deed. While the Judgment of Partition and the Terms of Sale announced by the referee, recited that the sale was subject to these rights of the United States Government to redeem, we are endeavoring to accommodate you".

The closing did occur on November 29, 1983, at which time the Federal Government's right of redemption was extinguished through the efforts of the plaintiff's counsel.

Before the Referee delivered his deed to the appellant's assignee, the appellant deposited an amount in escrow with the Referee which sum represented the amount of carrying charges incurred during the period the title closing had been adjourned.

The Referee here was without power to alter the terms of the judgment (see, Ercolani v Sam & Al Realty Co., 17 NY2d 299; Crisona v Macaluso, 33 AD2d 569; Franklin Natl. Bank v De Giacomo, 44 Misc 2d 518).

All the appellant was entitled to was a deed subject to the Federal Government's right of redemption. The appellant has conceded in its brief that it "elected" to complete this sale, and in fact made no efforts to void the Referee's sale. Since a proper Referee's deed to the premises could have been delivered on October 14, 1983, the additional carrying charges occasioned by the adjournment to November 29, 1983 are chargeable to the appellant. Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.