■ In the Matter of ANTHONY P. LoRusso, Respondent, v NEW YORK STATE OFFICE OF COURT ADMINISTRATION et al., Appellants, et al., Respondent. [645 NYS2d 209] —Order unanimously affirmed without costs. Memorandum: We reject the contention of the New York State Attorney-General that Supreme Court erred in determining that petitioner was entitled to a defense in a pending Federal action. Pursuant to Public Officers Law § 17 (2) (a), "the state shall provide for the defense of the employee in any civil action or proceeding in any state or federal court [including actions to enforce a provision of 42 USC § 1981 or § 1983] arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties". Here, the complaint in the Federal action alleged in part that, as plaintiff's supervisor, petitioner misused his position by withholding tangible job benefits from plaintiff, repeatedly assigning her to menial tasks, depriving her of lunch hours, and requiring her to work late. The complaint further alleged that petitioner created an abusive and hostile work environment for plaintiff. The complaint alleged that petitioner discriminated against plaintiff based upon her sex and her refusal to submit to his sexual advances and deprived her of due process of law.

In determining whether to provide a defense to a State employee, the role of the Attorney-General is similar to that of an insurer in determining whether to provide a defense to its insured (*see, Frontier Ins. Co. v State of New York,* 87 NY2d 864, 867; *Matter of Spitz v Abrams,* 123 Misc 2d 446, 449-450, *affd* 105 AD2d 904; *see also, Polak v City of Schenectady,* 181 AD2d 233, 236; *Matter of Garcia v Abrams,* 98 AD2d 871, 872, *amended* 101 AD2d 601). Under Public Officers Law § 17, the duty of the State to defend is much broader than its duty to indemnify. In determining whether to defend an employee, the Attorney-General must construe the complaint in the light most favorable to the employee (*see generally, International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *Touchette Corp. v Merchants Mut. Ins. Co.,* 76 AD2d 7, 9-10). Thus, where it is unclear from the allegations in the complaint whether the acts or omissions of an employee occurred within the scope of his employment, a defense must be provided (*see generally, Mathis v State of New York,* 140 Misc 2d 333, 340-341; *see also, Commercial Pipe & Supply Corp. v Allstate Ins. Co.,* 36 AD2d 412, *affd* 30 NY2d 619). Moreover, whether the acts of an employee

are within the scope of his employment is normally a question for the jury because that issue "is so heavily dependent upon factual considerations" (*Riviello v Waldron*, 47 NY2d 297, 303). Indeed, the acts of an employee may be found to have occurred within the scope of employment in discharging his duties although the employee acted irregularly or disregarded his instructions (*see, Riviello v Waldron, supra*, at 302; *see also, Mathis v State of New York, supra*, at 340-341). Because this complaint alleges facts and circumstances, some of which can be construed as alleging that the actions of petitioner were within the scope of his employment, Public Officers Law § 17 (2) (a) requires the State to provide him with a defense (*see, Frontier Ins. Co. v State of New York, supra*, at 867; *Mathis v State of New York, supra*; *see also, Cepeda v Coughlin*, 128 AD2d 995, 996-997, *lv denied* 70 NY2d 602).

In light of our determination that petitioner is entitled to a defense based on the allegations in the complaint, we do not consider respondents' remaining contentions. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—CPLR art 78.) Present—Pine, J. P., Lawton, Wesley and Boehm, JJ.