[665 NYS2d 451]

FRONTIER INSURANCE COMPANY, as Subrogee of WILLIAM J. MANN, Respondent, v STATE OF NEW YORK, Appellant. (And Two Other Related Claims.)

Third Department, December 11, 1997

APPEARANCES OF COUNSEL

*Sedgwick, Detert, Moran & Arnold,* New York City *(Jeffrey M. Winn* of counsel), and *Dennis C. Vacco, Attorney-General,* Albany *(Joseph Perretta* of counsel), for appellant.

*Nixon, Hargrave, Devans & Doyle, L. L. P.,* Rochester *(William S. Brandt* of counsel), and *Dubois, Billig, Loughlin, Conaty & Weisman,* Rock Hill, for respondent.

### OPINION OF THE COURT

CREW III, J.

William J. Mann, Alan Goldstein and Thomas Scalea are physicians who were employed as professors of medicine by State University of New York (hereinafter SUNY) medical schools and were members of the clinical practice plans at the hospitals at which they taught. Each physician was the subject of a medical malpractice suit brought by or on behalf of a patient treated at a SUNY health center, for which they sought

a defense by the Attorney-General pursuant to the provisions of Public Officers Law § 17, and in each case the Attorney-General refused to defend. Claimant had issued policies of insurance to the physicians that required it to, *inter alia*, defend and indemnify the physicians in malpractice cases where the State refused to do so. To that end, claimant undertook defense of the malpractice actions, settled each and thereafter commenced these claims seeking indemnification from the State for the costs of defense and settlement.

Following joinder of issue, the State moved, with regard to Mann and Scalea, for summary judgment. The Court of Claims denied the motion and this Court affirmed, noting that while the claims for defense costs pursuant to Public Officers Law § 17 (2) were untimely because no CPLR article 78 proceedings had been commenced within four months of the Attorney-General's refusal to defend, those portions of claimant's claims seeking indemnification of the settlement costs pursuant to Public Officers Law § 17 (3) had been timely interposed (197 AD2d 177, 180-181, *affd* 87 NY2d 864). While the appeals involving the Mann and Scalea claims were pending, claimant unsuccessfully moved for partial summary judgment with regard to reimbursement of the costs of defense and settlement of the actions against Mann and Goldstein. Thereafter, the parties again cross-moved for summary judgment, which included a motion by the State to dismiss the claim for reimbursement of defense costs regarding Goldstein on the ground that such claim was untimely. The Court of Claims, in a single decision, granted claimant's motion for summary judgment and the State now appeals from the Court of Claims' order, as well as the three judgments entered thereon.

■ Initially, the State argues that the claims with respect to Mann and Goldstein should be dismissed as time barred inasmuch as it was not given a copy of the summons and complaint regarding the underlying malpractice actions within the five-day period provided for by Public Officers Law § 17 (4). We disagree. Initially, we previously have held in the context of Public Officers Law § 18 (5), which contains a similar notice provision, that such notice requirements are not to be construed as a condition precedent to suit (*see, Matter of Hunt v Hamilton County*, 235 AD2d 758, 759). Moreover, at the time the physicians sought a Public Officers Law defense, the Attorney-General declined on the ground that the alleged malpractice did not occur within the scope of the physicians' employment. Inasmuch as the Attorney-General's declination was not

premised upon the failure to comply with the notice provisions of Public Officers Law § 17 (4), such objection may not be raised now (*cf.*, *Matter of Polak v City of Schenectady*, 181 AD2d 233, 235).

■ Next, the State argues that because claimant failed to comply with certain prescribed conditions precedent to indemnification, it is precluded from recovery under the statute. Again, we cannot agree. Public Officers Law § 17 (3) (b) provides that "[a]n employee represented by the attorney general or by private counsel pursuant to this section" shall submit any proposed settlement to the head of the agency in which he or she is employed for certification, which then will be submitted to the Attorney-General for approval. We agree with claimant that by the express terms of the cited subdivision, it applies only to claimants represented by the Attorney-General or by private counsel where the Attorney-General has determined that representation by him or her would be inappropriate. Such is not the case here.

Similarly, Public Officers Law § 17 (3) (d) provides that upon settlement of a claim, the employee shall submit the settlement to the head of the agency in which he or she is employed, which shall be certified and submitted to the Attorney-General, and if the latter concurs in such certification such settlement shall be paid. We view this subdivision as nothing more than a safeguard so that the appropriate parties can certify that the actual settlement is in accordance with the previously submitted proposal as provided for in Public Officers Law § 17 (3) (b). As aptly argued by claimant, such submissions in this case would have been superfluous inasmuch as the Attorney-General had already determined that the physicians were not entitled to the protections afforded by Public Officers Law § 17 and most assuredly would not have certified the proposals or settlements.

■ Finally, contrary to the State's argument, we find that the record amply justifies the finding of the Court of Claims that the physicians' acts of alleged malpractice occurred during the context of teaching and, therefore, occurred while they were acting within the scope of their public employment. We have considered the State's remaining arguments and find them to be without merit, except to note that the Court of Claims erred in failing to grant that portion of the State's cross motion to dismiss claimant's claim for reimbursement for its defense costs in the malpractice action against Goldstein, inasmuch as a CPLR article 78 proceeding was not initiated

within four months of the Attorney-General's refusal to afford a defense pursuant to Public Officers Law § 17 (2). While the Court of Claims did state that, as a result of appellate rulings, claimant was barred from seeking reimbursement of defense costs expended on behalf of all of the physicians, it did not expressly grant the State's motion to dismiss such portion of the claim. Accordingly, the order and judgment must be modified to this extent.

MIKOLL, J. P., CASEY, YESAWICH JR. and SPAIN, JJ., concur.

Ordered that the order and judgment in claim No. 2 are modified, on the law, without costs, by reversing so much thereof as denied the State's cross motion for partial summary judgment dismissing that portion of claimant's claim seeking reimbursement of defense costs; cross motion granted to said extent and said claim dismissed; and, as so modified, affirmed.

Ordered that the judgments in claim Nos. 1 and 3 are affirmed, without costs.