■ In the Matter of POLICE BENEVOLENT ASSOCIATION OF THE NEW YORK STATE TROOPERS, INC., et al., Respondents, v DENNIS C. VACCO, as Attorney-General of the State of New York, Appellant. [677 NYS2d 808] —White, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 12, 1997 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination denying petitioners' request for reimbursement for the cost of a criminal defense.

Petitioner Robert C. Gregory, a State Trooper, was indicted on March 23, 1995 by a Westchester County Grand Jury for the crimes of tampering with public records in the first degree, offering a false instrument for filing in the first degree, tampering with physical evidence and official misconduct, all stemming from his investigation of a hit and run accident that occurred on April 3, 1993 in the Town of Cortlandt, Westchester County. Gregory was arraigned on April 7, 1995 and, pursuant to Public Officers Law § 19 (2) (b), delivered a letter on April 18, 1995 to respondent applying for reimbursement for reasonable counsel fees and litigation costs incurred in the defense of the charges against him. Following the dismissal of the criminal charges on August 21, 1996, petitioners[1] renewed the aforementioned application. Respondent denied it on the grounds that (1) the charges of tampering with physical evi-

---

1. Petitioner Police Benevolent Association of the New York State Troopers, Inc. joined in the application because it paid a portion of the fees and costs incurred by Gregory in his defense.

dence and official misconduct did not arise out of an act which occurred within the scope of Gregory's public employment and duties (*see,* Public Officers Law § 19 [2] [a]), and (2) Gregory did not request reimbursement within 10 days of his arraignment as required by Public Officers Law.§ 19 (3). Supreme Court's annulment of that determination in this CPLR article 78 proceeding prompted this appeal by respondent.

It is well established that judicial review of an administrative determination is limited to the grounds presented by the agency at the time of its determination and, if these grounds are improper or inadequate, we may not confirm the administrative action by substituting what we consider to be a more adequate or proper basis (*see, Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662, 678; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758). Respondent recognizes that the application of this rule would require an affirmance since his determination cannot be sustained in the absence of a finding that all of the charges against Gregory arose from acts committed outside the scope of his public employment or duties (*see, Frontier Ins. Co. v State of New York,* 87 NY2d 864, 867; *Matter of LoRusso v New York State Off. of Ct. Admin.,* 229 AD2d 995 [construing Public Officers Law § 17 (2) (a), a companion statute of Public Officers Law § 19 (2) (a)]). To avoid a final judgment on the merits, respondent requests that we remit this matter to permit him to issue a new determination that encompasses all of the charges levied against Gregory.

We unquestionably have the right under CPLR 7806 to remit a matter to an administrative agency when further agency action is necessary to cure deficiencies in the record, such as when an agency fails to make appropriate findings (*see, Matter of Deutsch v Catherwood,* 31 NY2d 487, 491) or applies an improper standard of proof (*see, Matter of Lee TT. v Dowling,* 87 NY2d 699, 707; *see also,* 6A NY Jur 2d, Article 78, § 361, at 97-100). Where, as here, the record is complete enough to enable the Court to render a final judgment on the merits, remittal is not appropriate, especially where the agency is merely seeking a second chance to reach a different determination on the merits (*see, Matter of Hartje v Coughlin,* 70 NY2d 866, 868). Accordingly, we decline respondent's request.

Turning to respondent's timeliness argument, predicated upon the notice provision of Public Officers Law § 19 (3), we have held that similar provisions contained in Public Officers Law § 17 (4) and § 18 (5) are not to be construed as a condition precedent to suit (*see, Frontier Ins. Co. v State of New York,*

239 AD2d 92, 94; *Matter of Hunt v Hamilton County*, 235 AD2d 758). We discern no reason for treating the notice provision of Public Officers Law § 19 (3) differently and, thus, petitioners' failure to comply with its requirements is not a bar to this proceeding. In any event, their one-day delay clearly had no impact upon respondent's ability to fulfill the statutory obligations imposed upon him by Public Officers Law § 19 (2) (b).

Therefore, since respondent's denial of petitioners' application lacked a rational basis, we affirm Supreme Court's judgment (*see, Pell v Board of Educ.*, 34 NY2d 222, 231).

Cardona, P. J., Carpinello and Graffeo, JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent.

Supreme Court held that respondent, having failed to address at the administrative level whether the first two charges in the indictment[2] were outside the scope of employment, was precluded from so arguing in Supreme Court. The court went on to hold that since respondent is so precluded, "it is clear that at least some of the charges occurred during the scope of petitioner's employment". The court also held that since reimbursement may be denied only where all of the charges are outside the scope of employment, petitioner Robert C. Gregory is entitled to reimbursement. It also concluded that, in any event, respondent's finding that the third and fourth charges were outside the scope of employment was "arbitrary and capricious and without any rational basis".

I agree that respondent is precluded from arguing in this proceeding that the first two charges were outside the scope of employment. I disagree, however, with Supreme Court's conclusion that the effect of this preclusion is tantamount to a finding that those charges occurred during the scope of Gregory's employment. Rather, it is clear only that respondent made no findings with respect to charges three and four. It follows logically, therefore, that his determination was made without adequate findings or upon application of an incorrect standard. Hence, I find no basis upon which to conclude, as does the majority, that "the record is complete enough to enable the court to render a final judgment on the merits". Nor do I agree that "the agency is merely seeking a second chance to reach a different determination on the merits". Clearly, at the time respondent made his determination, he believed it to be sufficient, for purposes of denying reimbursement, that one or

---

**2.** The counts in the indictment involving petitioner Robert C. Gregory were actually counts 12 through 15; for ease of reference herein they are referred to as charges 1 through 4.

more of the charges was outside the scope of employment. He has since conceded that denial is proper only where all of the charges are outside the scope of employment. Presumably, this concession derives from the holding of Supreme Court, relying on *Matter of LoRusso v New York State Off. of Ct. Admin.* (229 AD2d 995), as we find no express requirement elsewhere. That respondent may not now raise grounds not originally raised does not alter the fact that his findings were incomplete. While the majority acknowledges that remittal is appropriate where findings are incomplete or an improper standard underpins the agency's determination, it cites *Matter of Hartje v Coughlin* (70 NY2d 866) in support of its refusal to remit here. *Matter of Hartje v Coughlin (supra)* involved inmate disciplinary proceedings where the Department of Correctional Services' determinations were found to be unsupported by substantial evidence and, as such, remittal for new hearings, to "present additional *evidence* that was available but unaccountably withheld" at the time of the first hearing, was not permitted (*id.*, at 868 [emphasis supplied]). Here, however, respondent does not seek to adduce new evidence but rather to render a determination upon all charges.

Concededly, the preceding discussion would be unnecessary if respondent's finding with respect to charges three and four was arbitrary and capricious. Here again, however, I disagree with Supreme Court and believe that reliance upon our decision in *Matter of Schulz v Doetsch* (217 AD2d 861) is misplaced. The charge of tampering with physical evidence (Penal Law § 215.40 [2]) was based upon Gregory's deliberate suppression, and later destruction, of evidence that had been delivered to him by a crime victim, with the intent to shield the perpetrator from criminal prosecution. Similarly, the charge of official misconduct (Penal Law § 195.00 [2]) was based upon his knowingly refraining from performing a duty imposed upon him by law or inherent in the nature of his office, i.e., the identification and apprehension of the individual involved in the accident whose identity was known to him and whose efforts to avoid identification and prosecution he intentionally furthered. I can envision no clearer example of conduct outside the scope of a police officer's employment; the conduct was criminal, and is no less so because he escaped prosecution therefor by pleading guilty in an administrative proceeding.* I see no parallel to the conduct in *Matter of Schulz v Doetsch (supra)*, which

---

* It is interesting to note, although apparently not an issue here, that the agreement between Gregory and petitioner Police Benevolent Association of the New York State Troopers, Inc. entitles the latter to reimbursement from

involved allegations of improper property assessments and other claimed irregularities by the Town of Cortlandt assessors in the performance of their official business.

Accordingly, I would reverse Supreme Court's judgment and remit for further proceedings. Ordered that the judgment is affirmed, with costs.

Gregory in the event he were "acquitted" of the criminal charges and received reimbursement under Public Officers Law § 19.