■ In the Matter of JANSEN COURT HOMEOWNERS ASSOCIATION et al., Appellants, v CITY OF NEW YORK et al., Respondents. [795 NYS2d 594]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the City of New York Department of Environmental Protection dated February 25, 2003, and an action for a judgment declaring that the Administrative Code of the City of New York does not require the petitioners to connect to the public sewer, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Weiss, J.), dated December 2, 2003, which denied the petition and dismissed the proceeding and action.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof denying that branch of the petition which was to annul the determination of the City of New York Department of Environmental Protection dated February 25, 2003, with respect to those petitioners whose dwellings have no property line within 100 feet of the public sewer, and substituting therefor a provision granting that branch of the petition, and (2) adding thereto a provision declaring that the petitioners whose dwellings have no property line within 100 feet of the public sewer are not required to connect to the public sewer; as so modified, the order and judgment is affirmed, with one bill of costs to the petitioners.

The Supreme Court incorrectly found that the determination of the City of New York Department of Environmental Protection (hereinafter the DEP) was entitled to deference. This Court is "faced with the interpretation of statutes and pure questions of law and no deference is accorded the agency's determination" (*Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills,* 4 NY3d 51, 59 [2004]; *see Lorillard Tobacco Co. v Roth,*

99 NY2d 316, 322 [2003]; *Seittelman v Sabol,* 91 NY2d 618, 625 [1998]; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459 [1980]; *Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y.,* 14 AD3d 553 [2005]).

"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature" *(Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205, 208 [1976]; *see Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 453 [1965], *cert denied sub nom. Estwing Mfg. Co. v Singer,* 382 US 905 [1965]). Because the statutory text is the clearest indicator of legislative intent, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof *(see Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 583 [1998]).

The plain language of the Administrative Code of the City of New York § 27-901 (e) (2) (b) clearly states that only homes whose property lines are within 100 feet of the sewer connection are required to connect to the public sewer. The code provision provides no exceptions for multiple homes on a single tract of land or for homes which are part of a homeowners association *(cf.* Administrative Code of the City of NY § 27-901 [e] [2] [c]). Therefore, those petitioners whose property lines all lie more than 100 feet from the sewer connection are not required to abandon their individual septic systems in order to connect to the public sewer.

The petitioners' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the order and judgment should be modified by adding a declaration that those petitioners whose dwellings have no property line within 100 feet of the public sewer are not required to connect to the public sewer *(see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Krausman, Crane and Fisher, JJ., concur.